IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, formerly doing business as FedEx Ground Package Systems, Inc.<br><br>Defendant. | ) | Case. No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This action is filed pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices because of a disability and to provide appropriate relief to Angela Haynes, Shawn Morrison, Peter Hinton, and Elizabeth Ellerby, (individually and collectively "Charging Parties"), and to a class of similarly aggrieved individuals with disabilities ("the class"), who were adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that, from at least November 2021 to the present, Defendant Federal Express Corporation ("Defendant") discriminated against blind package handler employees who worked at its Kernersville, North Carolina facility, including the Charging Parties and the class, in violation of the ADA, 42 U.S.C. § 12101, et seq., by failing to provide reasonable

accommodations for their disabilities as required by law. The Commission also alleges that Defendant failed to maintain records in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and 29 C.F.R. § 1602.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA.

5. At the time the underlying charges of discrimination were filed, Defendant was doing business in Kernersville, NC as FedEx Ground Package Systems, Inc., a wholly owned subsidiary of Federal Express Corporation.

6. Upon information and belief, on or about June 1, 2024, FedEx Ground Package Systems, Inc. was merged with Federal Express Corporation. Federal Express

Corporation continued the operations of the subsidiary post-merger and continues to conduct business at the Kernersville, NC location as Federal Express Corporation. As used in this Complaint, "Defendant" refers to Federal Express Corporation and its pre-merger subsidiary FedEx Ground Package Systems, Inc. collectively.

7. At all relevant times, Defendant has continuously done business in the State of North Carolina, including in the town of Kernersville, NC, and has continuously maintained at least fifteen (15) employees.

8. In each calendar year from 2021 through the present, Defendant continuously employed more than 500 employees.

9. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

10. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

11. More than thirty days prior to the institution of this lawsuit, the four Charging Parties filed charges of discrimination with the Commission alleging violations of the ADA by Defendant: Angela Haynes, charge number 435-2023-01535; Peter Hinton, charge number 435-2023-01498; Elizabeth Ellerby, charge number 435-2024-00118; and Shawn Morrison, charge number 435-2023-01134 (collectively the "charges").

12. The allegations in the charges included that Defendant discriminated against the Charging Parties because of their common disability, blindness, including by failing to provide them with reasonable accommodations in the workplace.

13. Defendant filed a response to each charge and the Commission investigated the allegations. Defendant participated at all stages of the investigation.

14. During the investigation, the Commission identified additional blind employee package handlers who worked at the Kernersville, NC facility, who were also discriminated against because of Defendant's failure to provide them with reasonable workplace accommodations in violation of the ADA.

15. On January 8, 2025, the Commission issued Letters of Determination for each charge, thereby notifying Defendant that the Commission found reasonable cause to conclude that Defendant discriminated against the Charging Parties and a class of similarly aggrieved individuals because of their disabilities in violation of the ADA by failing to provide reasonable workplace accommodations.

16. The January 8, 2025 Letters of Determination also provided notice to Defendant that the Commission found reasonable cause to conclude that Defendant violated the recordkeeping requirements of the ADA by failing to maintain records in accordance with 29 C.F.R. § 1602.14.

17. The Commission invited Defendant to join informal methods of conciliation to eliminate the unlawful practices and secure relief for the Aggrieved Individuals.

18. The Parties engaged in conciliation but were not able to reach an agreement acceptable to the Commission.

19. On July 28, 2025, the Commission notified Defendant that conciliation had failed.

20. All conditions precedent to the institution of this lawsuit have been fulfilled.

## COUNT I

### *Violation of the ADA, 42. U.S.C. § 12112*
### *Failure to Provide Reasonable Accommodations to Aggrieved Individuals*

21. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 20 above.

22. Defendant hired Ms. Haynes as a package handler at its Kernersville, NC facility on or about December 10, 2021.

23. Defendant hired Mr. Hinton as a package handler at its Kernersville, NC facility on or about March 31, 2022.

24. Defendant hired Ms. Ellerby as a package handler at its Kernersville, NC facility on or about November 27, 2021.

25. Defendant hired Mr. Morrison as a package handler at its Kernersville, NC facility on or around August 2022.

26. Members of the class were hired by Defendant at various times, but were all employed as package handlers at Defendant's Kernersville, NC facility at some point between 2021 and the present.

27. The Charging Parties and the class are qualified individuals with a disability under 42 U.S.C. §§ 12102 and 12111(8).

28. The Charging Parties and the class are blind and substantially limited in the major life activity of seeing.

29. The disability-related physical limitations of the Charging Parties and the class were obvious and known to Defendant.

30. At all relevant times, the Charging Parties and the class could perform the essential functions of the package handler position with or without reasonable workplace accommodations.

31. Defendant was on notice that the Charging Parties and the class needed reasonable workplace accommodations to perform the essential functions of the job and/or to enjoy equal benefits and privileges of employment as sighted employees.

32. The need for workplace accommodations for the Charging Parties and the class because of their blindness was obvious and/or known to Defendant.

33. Charging Parties and members of the class made numerous and repeated requests for reasonable workplace accommodations to their known physical limitations related to blindness from 2021 to the present.

34. Many of those requests were ignored or refused by Defendant without engaging in the interactive process with the Charging Parties or the class to identify reasonable accommodations.

35. For example, Charging Parties and members of the class needed reasonable accommodations to navigate Defendant's facilities to access their workstations, the bathroom, break areas, and other locations. Beginning in 2021 and continuing into at least January 2024, all of the Charging Parties and several members of the class requested that

tactile tape be placed on the floor of the facility to provide physical guidance for Charging Parties and the class to allow them to navigate the facility.

36. The installation of tactile tape was a reasonable accommodation that could have been provided by Defendant without undue hardship.

37. Beginning in 2021 and continuing into at least January 2024, Defendant ignored and/or refused this accommodation without engaging in the interactive process with the Charging Parties or the class to identify reasonable accommodations.

38. While Defendant allowed Charging Parties and the class to ask for navigation assistance from coworkers or managers, this process was not effective.

39. For example, Charging Parties and members of the class often had to wait an unreasonable amount of time to use the restroom because they had to wait for security to call a manager and then wait for the manager to arrive to provide navigation assistance.

40. Sometimes no one was available to provide navigation assistance and Charging Parties and members of the class were not able to go to the restroom at all.

41. The unreliability of this process caused Charging Parties and members of the class to have to hold their urine and avoid drinking liquids during their shift.

42. Delays in obtaining assistance navigating the facility through this process resulted in Charging Parties and members of the class being late for work or delayed in returning to their workstations.

43. Defendant's process of allowing Charging Parties and members of the class to ask for navigation assistance was and is not a reasonable accommodation.

44. Upon information and belief, Charging Parties and the class are still forced to rely on Defendant's process of asking for navigation assistance.

45. While Defendant installed a tactile product following the EEOC's visit to the Kernersville, NC facility in January of 2024, Defendant did not engage in the interactive process with the Charging Parties and the class to determine what product would be effective.

46. When the tactile product was installed, it was only installed in one area of the facility and was not installed on paths to the workstations for several Charging Parties and members of the class.

47. Defendant's failure to engage in the interactive process to identify an effective product and failure to oversee proper installation of the product resulted in an installation that was not an effective reasonable accommodation for Charging Parties and members of the class.

48. It was obvious and known to Defendant that its installation of the tactile product was an ineffective accommodation. In addition, Ms. Ellerby notified Defendant's human resources representative that the tactile product was not effective.

49. Upon information and belief, Defendant's human resources representative told Ms. Ellerby that Defendant was "working on it," however the tactile tape was not replaced or otherwise made effective before the end of Ms. Ellerby's employment in January 2025.

50. Upon information and belief, the tactile product installed has not been maintained, has been peeling off the floor since at least August 2025 and is covered by equipment and/or supplies in multiple places where it cannot be used at all.

51. Charging Parties and members of the class made several other requests for reasonable accommodation of their known physical limitations related to blindness that Defendant denied, including but not limited to, requests for large print orientation materials, requests to allow their mobility instructors to assist them in learning the facility, enhanced lighting in certain areas, requests for screen reader software to independently access the employee computer terminals, and/or accommodations to allow them to have effective access to the employee time clock.

52. Although Defendant claims to have provided various accommodations to the Charging Parties and the class, any effort put forth by Defendant to provide reasonable accommodations was illusory, ad hoc or sporadic resulting in ineffective or temporary accommodations.

53. For example, Defendant installed a new time clock with an audible beep that could not be heard over the noise in the facility and/or that was turned off.

54. Charging Parties and members of the class notified Defendant that its time clock accommodation was not effective.

55. That the time clock accommodation was not effective was obvious and known to Defendant because Charging Parties and members of the class continued to ask for assistance and reasonable accommodations.

56. Upon information and belief, reasonable accommodations were available that could have been provided by Defendant without causing an undue hardship.

57. Defendant failed to provide these accommodations in violation of the ADA.

58. The practices complained of above are unlawful and in violation of the ADA.

59. The practices complained of above have deprived the Charging Parties and the class of equal employment opportunities and have otherwise adversely affected their status as an employee because of their disabilities.

60. The practices complained of above were intentional.

61. The practices complained of above were conducted with malice or with reckless indifference to the federally protected rights of the Charging Parties and the class.

62. As a direct and proximate result of Defendant's violation of the ADA, the Charging Parties and the class suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, physical pain and discomfort and loss of enjoyment of life.

## COUNT II

***Violation of the ADA, 42 U.S.C. § 12117(a) and 29 C.F.R. § 1602***
***Failure to Maintain Records***

63. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 62 above.

64. At its Kernersville, NC facility, Defendant received and/or created records relating to employee requests for reasonable accommodation under the ADA.

65. Defendant was required to preserve these records for a period of one year

from the date of the making of the record or the personnel action involved, whichever occurred later; or one year from the date of involuntary termination; or until final disposition of a charge of discrimination or an action brought by the Commission under the ADA. 29 C.F.R. § 1602.14.

66. Since at least 2021, Defendant has failed to maintain such records in violation of the ADA. 42 U.S.C. § 12117(a), incorporating by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c); and 29 C.F.R. § 1602.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on disability, including failing to provide reasonable accommodations to disabled blind package handlers, and requiring them to comply with the recordkeeping obligations of the ADA.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, including providing reasonable accommodations where available, which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant to make Angela Haynes, Peter Hinton, Elizabeth Ellerby, and Shawn Morrison and the class whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not

limited to, reinstatement and front pay where appropriate.

D. Order Defendant to make Angela Haynes, Peter Hinton, Elizabeth Ellerby, and Shawn Morrison and the class whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Angela Haynes, Peter Hinton, Elizabeth Ellerby, and Shawn Morrison and the class whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay to Angela Haynes, Peter Hinton, Elizabeth Ellerby, and Shawn Morrison and the class punitive damages for its malicious and/or reckless conduct, as described above, and to deter similar conduct in the future, in amounts to be determined at trial.

G. Grant such further relief as necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact that arise out of this complaint.

Respectfully submitted this the 30th day of June, 2026.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, D.C. 20507

MELINDA C. DUGAS
Regional Attorney
129 W. Trade Street
Charlotte, NC 28202

ZOE G. MAHOOD
Assistant Regional Attorney

By Counsel:

*/s/ Gabriel O. Mondino*
GABRIEL O. MONDINO
LA Bar No. 31514
Trial Attorney
EEOC, Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, Virginia 23219
Telephone: (804) 362-6916
Email: gabriel.mondino@eeoc.gov