IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>Defendant. | ) | CIVIL ACTION NO: 1:26-cv-00608 |

**JOINT PROTECTIVE ORDER**

The parties move the Court for entry of this Joint Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential ("Confidential Materials"), and ensure that protection is afforded only to material so designated.

IT IS HEREBY ORDERED THAT:

1. General Scope of the Agreement. This Consent Protective Order shall govern certain documents and other material produced in response to any discovery request or other request for information by Plaintiff and Defendant in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with

depositions and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement.

2. Confidential Materials: Confidential Materials, as used in this Order, shall refer to any document or item designated as confidential including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

(a) Pursuant to this Order, the following documents and/or information may be designated as "Confidential": (a) medical records or other health-related information; (b) personal information about Defendant's current and former employees: social security numbers, tax information, personnel records, and health insurance information, personal information individual consumer credit history and credit reports; and information in non-public court proceedings and involving minors; (c) confidential or proprietary business information, including but not limited to, income tax returns of Defendant, balance sheets, profit and loss statements, to the extent are not publicly available; (d) information protected by or subject to federal, state, or foreign data protection laws or other privacy obligations, like the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information) and the Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information),

and (e) such other records as the producing party in good faith believes require the protections supplied by this protective Order.

(b) Pursuant to this Order, the following documents and/or information may be designated as "Highly Confidential: Restricted Use": trade secrets, commercially sensitive logistics or operational procedures, proprietary software configuration. The parties shall make specific designations to the extent reasonably possible to avoid overbroad designations.

3. Designation as "Confidential" or "Highly Confidential: Restricted Use". Any party producing or furnishing information, whether original or copies, of any nature to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential" or "Highly Confidential: Restricted Use" in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information in produced or furnished, or at a later time as provided herein.

4. Procedure for Designating Information as " Confidential" or "Highly Confidential: Restricted Use". Parties may designate Confidential Materials in the following manner:

(a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" or "

Highly Confidential: Restricted Use" by stamp or other method which will make the word conspicuous;

(b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" or "Highly Confidential: Restricted Use" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential:" or "Highly Confidential: Restricted Use";

(c) In the case of depositions or other pretrial testimony in this action by the parties, any of their current or former officers, or current or former employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Material is about to be or has been disclosed. Unless the parties intend to designate all the information contained within a particular document or deposition testimony as Confidential Material, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential. A party who makes no confidential designation on the record may nonetheless designate deposition testimony or other pretrial testimony as confidential by supplying all other parties with a copy of the transcript with confidential designations made on the transcript. All deposition transcripts shall be treated as "Confidential Information" for a period of thirty (30) days after the receipt of the transcript from the court reporter. Designations of "Confidential

Information" not already identified on the record must be made within thirty (30) days of the receipt of the transcript by the designating party.

(d) In the case of native files produced which contain confidential information by placing the word "Confidential" or "Highly Confidential: Restricted Use" in the filename and marking the Bates Stamped place holder "Confidential" or "Highly Confidential: Restricted Use".

5. Restricted Use of Information.

(a) Documents/information designated as "Confidential" pursuant to Paragraphs 1 through 4 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(i) The Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as necessary to the preparation for trial and trial of this action);

(ii) Counsel for the parties, their staff members, their professional and para-professional employees;

(iii) Any consulting and testifying experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action; The parties, including current and former officers, or current and former managers of a party who have a need to know the information for purposes of this litigation;

(iv) Employees, agents and consultants of counsel, the EEOC and the parties who are responsible for maintaining and providing technical support as

to the electronic storage system(s) where Confidential Materials are stored;

(v) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew about the information;

(vi) Mediators engaged by the parties and the mediators' staff;

(vii) Any person from whom testimony is taken or is to be taken, except that such a person may only be shown "Confidential" documents during or for his/her testimony, and may not retain same;

(viii) The Aggrieved Individuals, except that confidential medical, financial or personnel documents related to a particular Aggrieved Individual shall presumptively not be shared with other Aggrieved Individuals; and,

(ix) By mutual consent of the parties.

(b) Documents/information designated as "Highly Confidential: Restricted Use" pursuant to Paragraphs 1 through 4 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(i) The Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as necessary to the preparation for trial and trial of this action);

(ii) Counsel for the parties, their staff members, their professional and para-professional employees;

(iii) Any consulting and testifying experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

(iv) The parties, including current and former officers, or current and former managers of a party who have a need to know the information for purposes of this litigation;

(v) Employees, agents and consultants of counsel, the EEOC and the parties who are responsible for maintaining and providing technical support as to the electronic storage system(s) where Highly Confidential: Restricted Use materials are stored;

(vi) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew about the information;

(vii) Mediators engaged by the parties and the mediators' staff;

(viii) Any person from whom testimony is taken or is to be taken, provided said person is associated with the Designating Party, as a current or former employee, except that such a person may only be shown Highly Confidential: Restricted Use materials during or for his/her testimony and may not retain said materials; and,

(ix) By mutual consent of the parties.

(c) Documents produced pursuant to this Order shall only be provided to those persons who are a party, witness, counsel, consultant, staff person or court

personnel in this action. Specifically, use of Confidential Material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

6. Acknowledgment of Agreement. All persons to whom Confidential Material is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Material pursuant to paragraph 4 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

7. Inadvertent Disclosure. In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential" or "Highly Confidential: Restricted Use" the party may designate such materials as "Confidential" or " Highly Confidential: Restricted Use" by notifying counsel of the error and producing the documents again, with the "Confidential" or " Highly Confidential: Restricted Use" designation, prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they had been marked "Confidential" or " Highly Confidential: Restricted Use" when they were first produced.

8. <u>Use of Confidential Materials in this Case.</u> Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in Paragraphs 1 through 3 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. To the extent any Confidential Material is filed with the court, counsel filing the Confidential Material shall file it under seal in accordance with Local Rule 5.4 and the L.R 5.5 agreement between the parties. The ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

9. <u>Challenging Confidentiality</u>. Acceptance by a party of any information, document or thing identified as "Confidential" or "Highly Confidential: Restricted Use" pursuant to this Order shall not constitute a concession that the information, document or thing is Confidential Material. Counsel for the parties shall serve written notice of any objections to specific designations upon the other party within ten (10) days of receipt of such information, documents or things. Upon notice, counsel shall first attempt to resolve any disputes of confidentiality between themselves. If Counsel are unable to agree on any such issue, the party seeking protection will have thirty days to file a motion to have the Court resolve the dispute. No disclosure of such information shall occur pending resolution of any dispute under this paragraph. Where documents are designated as confidential close enough to the end of the discovery period that the Court has no opportunity to rule on whether

a document is correctly designated confidential before a party has need to submit the information, document, or testimony designated confidential to the Court as part of a filing, the parties will adhere to the agreements in the L.R. 5.5 agreement entered in this case and on L.R. 5.4.

10. Right to Object. Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to Confidential Material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

11. Disclosure.

(a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material or other information.

(b) Nothing in this document shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to respond

to the subpoena or other compulsory process in which materials designated confidential are sought.

12. Return of Confidential Materials. At the conclusion of the litigation, upon the written request of the other party, the parties agree to return any Confidential Materials to the party providing the Confidential Materials, except transcriptions of depositions taken in the course of this proceeding, or certify that the Confidential Material has been destroyed, except as otherwise required by law. Nothwithstanding the foregoing, counsel for the parties may retain one copy of documents in their file in order to comply with the requirements of the North Carolina State Bar record retention rules. The EEOC will destroy the Confidential Material in accordance with the document retention procedures maintained in the normal course of its business and pursuant to its statutory obligations.

13. Modification of the Agreement. In the event of further proceedings in this action, if any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Agreement.

14. Protection of Copies. All copies, extracts or summaries prepared from Confidential Materials produced hereunder shall be subject to the same terms as the Confidential Material from which such copies, extracts or summaries were prepared, if properly designated.

15. Notices. Notice required under this Agreement shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

16. Effective Date. This Agreement shall be effective immediately and shall survive the conclusion of this lawsuit, including any and all appeals. IT IS SO ORDERED.

Dated this ____________ day of October, 2026.

______________________________________
Hon. Joi Elizabeth Peake
United States Magistrate Judge

AGREED TO:

**COUNSEL FOR PLAINTIFF**

*/s/ Gabriel O. Mondino*
Gabriel O. Mondino, Trial Attorney
LA State Bar No. 31514
EEOC, Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, Virginia 23219
Telephone: (804) 362-6916
Facsimile: (704) 954-6412
Email: gabriel.mondino@eeoc.gov

Amy E. Garber
VA Bar ID: 37336
EEOC, Norfolk Local Office
200 Granby Street, Suite 739
Norfolk VA 23510
Phone: (757) 600-4726
Fax: (704) 954-6412
Email: amy.garber@eeoc.gov

**COUNSEL FOR DEFENDANT**

*/s/ Gabriel P. McGaha*
Gabriel McGaha
Federal Express Corporation
3620 Hacks Cross Road
Building B, 2nd Floor
Memphis, TN 38125
(901) 434-3131
gabriel.mcgaha@fedex.com

Rachael L. Mamula
Federal Express Corporation
1000 FedEx Drive
Moon Township, PA 15108
(412) 759-9563
rachael.mamula@fedex.com

Theresa Sprain
Theresa Sprain (NC State Bar No. 24540)
Baker Donelson Bearman Caldwell & Berkowitz
2235 Gateway Access Point, Suite 220
Raleigh, NC 27607

(984) 844-7941
tsprain@bakerdonelson.com